UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cr-00112 |
| | ) | |
| JOSEPH LEE FULTZ, | ) | GOVERNMENT'S |
| | ) | SENTENCING MEMORANDUM |
| Defendant. | ) | |

The government files this memorandum in anticipation of the sentencing hearing currently set for November 3, 2020. The United States of America, by its undersigned counsel, provides the following memorandum for the sentencing in this matter.

**TABLE OF CONTENTS**

I.   Introduction .................................................................................................... 1

II.  Victim Impact & Restitution ........................................................................ 2

III. Sentencing Calculation ................................................................................. 2

IV.  Government's Sentencing Recommendation ….………………………….. 4

**I.   INTRODUCTION**

On July 18, 2019, a six-count Indictment was filed charging Joseph Lee Fultz ("Defendant" or "Fultz") with Sexual Exploitation of Children, (counts one through five), and Possession of Child Pornography, between during or about 2006 and 2009 (count six). (Presentence Report, hereinafter "PSR," ECF 41, ¶1; Indictment, ECF 2.) On February 21, 2020, Defendant entered a guilty plea to count five pursuant to a written plea agreement. (PSR ¶ 2; Plea Agreement, ECF 27.) Consistent with the preliminary order of forfeiture and the plea agreement, this Court should order

forfeiture of certain items used by Fultz to commit his hands-on offenses against his own children and his friend's baby (ECF 39.)  The government will ask the district court to find a final advisory guideline range of Level 43/Criminal History I – life imprisonment, thereby 360 months in prison due to the statutory maximum.

## II.   VICTIM IMPACT & RESTITUTION

The biological mother of the minor victims listed in counts one through five of the indictment has submitted a written impact statement to the court. Victim #1 has also authored a victim impact statement. The written victim impact statements have been provided to the U.S. Probation Office for transmittal to the court and made available to the defense for review.  At present, through it is mandatory, the victims have made not requests for restitution. (PSR ¶¶ 24-25.)  Either or both may make a victim impact statement at sentencing, or request that the government read the statement(s). (PSR ¶ 25.)

## III.   SENTENCING CALCULATION

### A.   Statutory Maximum and Minimum Sentence

Count five carries a mandatory minimum sentence of 15 years and maximum sentence of 30 years in prison, a maximum fine of $250,000, and at least 5 years of supervised release and up to life. 18 U.S.C. § 2251(e); (Plea Agreement, ECF 27, ¶ 4.)

### B.   Sentencing Guidelines Calculation

The parties stipulate the base offense level is 32. (ECF 27, ¶ 12(a).) Defendant's guidelines are calculated in the presentence report (hereinafter, "PSR"). (PSR ¶¶ 28-65.)  The government agrees with these calculations and the total offense

level of calculation of 43. (PSR ¶ 65.) Under USSG §5G1.1A, the statutory maximum sentence is 360 months. (PSR ¶ 65.)

### C. A five-level enhancement under USSG §4B1.5(b)(1) applies

USSG § 4B1.5(b)(1) applies in any case in which the defendant's offense of conviction is a "covered sex crime" and the defendant engaged in a pattern of activity involving prohibited sexual conduct. "Prohibited sexual conduct" includes any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B) as well as the production of child pornography. This is a "pattern of activity" involving prohibited sexual conduct. See, e.g., *United States v. Bevins*, 848 F.3d 835, 839 (8th Cir. 2017) ("A pattern exists if the defendant engaged in such conduct on at least two separate occasions . . . without regard to whether the occasion . . . resulted in a conviction." (internal citations omitted)). Fultz's crime constitutes "prohibited sexual conduct". Fultz admits that he produced child pornography of his own pre-pubescent children. (ECF 27, ¶¶ 8(1-4).) He engaged in the same or similar conduct a year earlier. (PSR ¶¶ 17-18.) Defendant also admits he produced child pornography of an additional child, an infant, in the state of Kentucky in 2018. (ECF 27, ¶ 8(6).)

### D. A two-level enhancement under USSG §2G2.1(b)(5) applies

Section 2G2.1(b)(5) provides for a two-level enhancement if the defendant was a parent, relative, or legal guardian of the minor or if the minor was "otherwise in the custody, care, or supervisory control" of the defendant. Fultz, is the biological father of Victims #1 through #5. On the date of the offense charged, the victims were in

Defendant's custodial care. All five victims were under the age of 12 years. (PSR ¶¶ 11-12, 14.)

## IV.   GOVERNMENT'S RECOMMENDATION

The advisory guidelines sentence is limited by the statutory maximum of 360 months in prison. 18 U.S.C. § 2251(e); (PSR ¶¶ 113-114.)   The government requests a sentence of 360 months. This sentence will sufficiently address the 18 U.S.C. § 3553(a) factors and addressed the harms he has caused.

The sentencing statutes provide the Court must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The court, in determining the particular sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

Defendant exploited his position as the victims' father and used his parental access to employ a game of erotic horseplay designed to groom and coax his own kids various lascivious scenarios he then photographed. On the date charged in counts 1 through 5 of the indictment, he employed these measures and then photographed four

4

of his five children for his own sexual pleasure during the 3-hour window of time he was alone with them. Defendant's fifth child, a young boy, refused to go with his siblings to Defendant's apartment. (PSR ¶ 14.) Defendant's grooming and normalization of all five of his children via the "butt game" started as early as 2018 and was reported by the victims at the time. They told their mother he had them partially disrobe and he took their photographs. Their mother then reported this to the Iowa Department of Human Services. Tragically, the Department failed to have the children interviewed and failed to make a report to law enforcement. Instead, the Department closed the matter internally despite Defendant's admissions to the conduct report by his children. (PSR ¶¶ 17-18.) Defendant kept these images in his possession and at some later time, attempted to delete them. (PSR ¶ 18.)

In the spring of 2018, Defendant traveled to the state of Kentucky and exploited his access to the prepubescent children of his friend. (PSR ¶¶ 19-20.) While in Kentucky, he photographed his friend's two prepubescent children. One was a very young child or infant. Those resulting images included one that Defendant focused solely on the child's genitals. (PSR ¶ 20(a).) He thereafter possessed the images which were uncovered by law enforcement following the search warrant of his residence. (ECF 27, ¶ 8(5-6).)

Child sex crimes are crimes of secrecy. Even after he received a DHS notice regarding this second report, Defendant installed a CCleaner software program on his Dell desktop computer in an attempt to erase and conceal his offenses. (PSR ¶ 23.) Because his own young children spoke out a *second* time, Fultz was finally

caught and stopped. Defendant's historical actions toward his own children and the children of others' are serious. Childhood sexual trauma is the curse that keeps on delivering, even as survivors grown into adulthood. The deliberate and targeted actions of Defendant will continue to impact his children in a myriad of unique and harmful ways. (PSR ¶ 25.). As a result, the maximum statutory term of 360 months in prison is warranted.

WHEREFORE, the government requests the Court consider this memorandum in determining the final sentence of the Defendant.

Respectfully submitted,

Marc Krickbaum
United States Attorney

By: /s/ Laura M. Roan
Laura M. Roan
Assistant United States Attorney
U.S. Courthouse Annex
110 East Court Avenue, Suite 286
Des Moines, IA 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: Laura.Roan@usdoj.gov

CERTIFICATE OF SERVICE
I hereby certify that on October 28, 2020, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system. I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:
_____U.S. Mail _____ Fax _____Hand Delivery

__X__ECF/Electronic filing _____Other means
UNITED STATES ATTORNEY

By: /s/ Laura M. Roan
    Assistant U.S. Attorney